UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MAMADOU BAMBA, | |
| Petitioner, | Civil Action No.: 14-2735 (SDW) |
| v. | OPINION |
| ROY L. HENDRICKS, et al., | |
| Respondents. | |

**APPEARANCES:**

    JOSE GIOVANNI HERNANDEZ TORRES, Petitioner *Pro Se*
    A 044 182 542
    Etowah County Detention Center
    827 Forrest Avenue
    Gadsden, Alabama 35901

**WIGENTON**, District Judge

    Petitioner Mamadou Bamba is an immigration detainee confined at the Essex County Correctional Facility in Newark, New Jersey. He brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging his post-removal order detention as unconstitutionally indefinite. This Court will summarily dismiss the Petition, without prejudice, because Petitioner has not alleged facts showing that he has been detained for more than six

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ....

months after the beginning of the removal period, as required by *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), or that his detention is otherwise in violation of federal law.

I.  BACKGROUND

Petitioner states that he is a native and citizen of Ivory Coast.  (ECF No. 1, Petition at ¶¶ 6, 12.)  He first entered the United States in September 1997.  (Id., ¶ 13.)  Petitioner was taken into custody by the United States Department of Homeland Security/Immigration and Customs Enforcement ("DHS/ICE") on March 16, 2013, and has remained in custody since that date.  (*Id*., ¶ 6.)  He was ordered removed on October 12, 2013, on the grounds that he had been convicted of a crime which constituted a removable offense under Sections 237 or 212 of the Immigration and Nationality ACT ("INA").  (*Id*., ¶ 15.)  Petitioner alleges that he waived his right to appeal from the order of removal, thus making it final as of the date it was entered by the Immigration Judge, on October 12, 2013.  (*Id*., ¶ 16.)  Petitioner alleges that he has complied with the DHS/ICE in providing the necessary information for obtaining travel documents.  (*Id*., ¶ 18.)

Petitioner further alleges that, on December 10, 2013, he was removed from the United States for Ivory Coast via Air France with a DHS/ICE escort.  Petitioner contends that, upon arrival in Paris, France, French authorities asked for Petitioner's travel documents but the DHS/ICE could not produce them because they allegedly had lost them.  Petitioner was then returned to the United States.  Petitioner states that he applied for another passport or travel documents from Ivory Coast Embassy, but the Ivory Coast will not issue another passport because the "lost" passport does not expire until 2018.  DHS/ICE officer John Bronski gave Petitioner a passport application for Sierra Leone, but Petitioner did not designate this country

2

for his removal.  (Id., ¶ 22.)  Petitioner claims these facts demonstrate that his removal is not practicable or likely in the foreseeable future.

## II. ANALYSIS

A.  Standard of Review

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v.. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).  Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).  Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief."  *Id*. *see also McFarland*, 512 U.S. at 856; *Thomas*, 221 F.3d at 437 (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

B.  Legality of Detention

When an alien's order of removal becomes final, as alleged by petitioner here, the Attorney General is required to remove him or her from the United States within a 90–day "removal period."  *See* 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period'").  This 90–day removal period begins on the latest of the following:

>(i) The date the order of removal becomes administratively final.
>
>(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
>(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires DHS to detain aliens during this 90–day removal period. See 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"). However, if DHS does not remove the alien during this 90–day removal period, then § 1231(a)(6) authorizes DHS to thereafter release the alien on bond or to continue to detain the alien. Specifically, § 1231(a)(6) provides:

>An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

The Supreme Court held in *Zadvydas* that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention. *Id*. at 701. The Supreme Court held that, to state a claim under § 2241, the alien must show that he has been detained beyond the six-month presumptively reasonable period, and must provide

4

good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701. Specifically, the Supreme Court determined:

> After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 701.

In this case, Petitioner states that an Immigration Judge ordered his removal on October 12, 2013, and that he waived his right to appeal, thus making his removal order administratively final on October 12, 2013. However, an order of removal becomes "final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B); *see also* 8 C.F.R. § 1241.1; *Giraldo v. Holder*, 654 F.3d 609, 611 (6th Cir. 2011); *United States v. Calderon–Minchola*, 351 F. App'x 610, 611 n. 1 (3d Cir. 2009). An appeal to the Board of Immigration Appeals of the decision of an Immigration Judge must be filed within 30 calendar days after the stating of an oral decision or the mailing of a written decision. *See* 8 C.F.R. § 1003.38(b). Thus, Petitioner's order of removal became administratively final when the time to appeal to the Board of Immigration Appeals expired 30 days later on November 12, 2013. *See* 8 U.S.C. § 1231(a)(1)(B)(i). Consequently, the six-month presumptively reasonable period of post-removal-period detention did not expire until May 12, 2014. Because Petitioner filed his § 2241 Petition before the

5

expiration of the presumptively reasonable six-month period for removal, his detention does not violate § 1231(a)(6), as interpreted by *Zadvydas*.

In the absence of such an initial showing, the Government does not have to respond by showing that removal is reasonably foreseeable. *See Zadvydas*, 533 U.S. at 701 ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."); *see also Barenboy v. Attorney General of U.S.*, 160 F. App'x 258, 261 n. 2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.... Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing.") (citation and internal quotation marks omitted).

Petitioner also generally alleges that the DHS have violated his due process rights by detaining him for more than six months after his removal order became final. This claim lacks merit because, under the rationale of *Zadvydas*, an alien is not entitled to a hearing unless he has been detained beyond the presumptively reasonable six-month period (and he alleges facts showing that there is no significant likelihood of removal in the reasonably foreseeable future). *Zadvydas*, 533 U.S. at 701; *cf. Wilson v.. Hendricks*, Civ. No. 7315(KM), 2013 WL 324743 at *2 (D.N.J. Jan. 25, 2013) ("The U.S. Supreme Court has adopted a rule of thumb that a post-removal detention of up to six months is reasonable, but that a bond hearing may be required after that time.").

Petitioner does not assert facts showing that his detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see, e.g., Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[I]n order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."). Petitioner alleges that there is no likelihood of his removal because the DHS/ICE allegedly lost his travel documents. He provides no documentary proof of this claim. Instead, Petitioner has attached documents to his petition showing that he has repeatedly failed to comply with 8 C.F.R. § 241.4(g), which requires Petitioner to assist in obtaining travel documents for his removal. The ICE issued a Notice of Failure to Comply Pursuant to 8 C.F.R. § 241.4(g) on April 10, 2014, documenting that Petitioner had been advised of his obligation to comply on five separate occasions, on October 17, 2013, October 18, 2013, December 2, 2013, January 17, 2014 and February 6, 2014. The Notice also informed Petitioner that the information he has provided to ICE about his date and place of birth were determined to be false by Ivory Coast authorities. (ECF 1-2, Petition at Exhibit "A".) Furthermore, in a January 13, 2014 Decision to Continue Detention, the ICE informed Petitioner that his custody review showed that Petitioner had been ordered removed in the past under three different identities, and that Petitioner "has engaged in extensive fraud to obtain immigration benefits," had falsified records in 2011, and had assaulted an ICE officer in 2013 who was attempting to effectuate Petitioner's removal. (*Id*.)

Accordingly, Petitioner has not shown any due process violations with respect to the removal process. There is no support in the immigration record that Petitioner himself provided

to show that Petitioner's removal is not practicable.  Rather, the record plainly shows that Petitioner has not cooperated with his removal, and cannot credibly allege that his removal by the Government is not reasonably foreseeable.  Therefore, the petition is dismissed without prejudice to the filing of a new § 2241 petition in the future, in the event that Petitioner can allege facts at that time showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

### III. CONCLUSION

For the foregoing reasons, this Court dismisses the petition without prejudice.  An appropriate Order follows.

     *s/ Susan D. Wigenton*
SUSAN D. WIGENTON
United States District Judge

Dated: June 20, 2014